**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN W. TARR, | ) | CASE NO. 3: 04 CV 7681 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| | ) | MEMORANDUM OPINION |
| JULIUS WILSON, WARDEN, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge George J. Limbert.  The Report and Recommendation (ECF # 13), submitted on October 19, 2005, is hereby ADOPTED by this Court.

**Procedural and Factual Background**

After entering a plea of guilty to one count of sexual battery against his daughter in violation of Ohio Revised Code § 2907.03, Petitioner was sentenced to four years of imprisonment[1] and classified as a sexually oriented offender.

Petitioner filed a federal Petition for a Writ of Habeas Corpus with this Court on October 27, 2004.  (ECF # 1.)  Petitioner raises the following grounds for relief:

Ineffective Assistance of Appellate Counsel. USCA 6, 14

GROUND ONE SUPPORTING FACTS

CAIM[sic] ONE: Appellate counsel failed to fully review the case, which prevented non-frivolous issues before the Court of Appeals on direct appeal.

---

[1] As set forth in the Report and Recommendation, the sentencing transcript reflects a sentence of five years of imprisonment, while the judgment entry states four years.  *Compare* ECF # 11, Ex. 7 at 38 *with* ECF # 11, Ex. 1 at 5.

> CLAIM TWO: Appellate counsel failed in the understanding of the law and lack of understanding of the essential elements of the charge against Petitioner, so as to marshall[sic] any arguments on Petitioner's behalf on direct appeal.
>
> CLAIM THREE: Appellate counsel failed to raise ineffective trial counsel, as trial counsel was deficient and committed prejudicial error in allowing and advising Petitioner to plead to an inapplicable offense, whether that offense is a lesser included offense or not.
>
> CLAIM FOUR: Appellate counsel failed to raise on direct appeal of [sic] trial counsel's failure to investigate facts and laws relevant to Petitioner's case and not being familiar with the essential elements of the offense, so as to provide Petitioner with true notice of the nature of the charge against him, so that Petitioner could make a voluntary, intelligent and knowing decision.
>
> CLAIM FIVE: Appellate counsel failed to raise on direct appeal that the trial court's sentence is contrary to law and accepting Petitioner's guilty plea for an inapplicable lesser offense.
>
> CLAIM SIX: Appellate counsel failed to raise on direct appeal that the sentence is contrary to law and committing prejudicial error in accepting Petitioner's guilty plea without first making a determination and inquiring into Petitioner's understanding of the true nature of the charge against him, along with the elements of the charge that Petitioner was pleading to.
>
> CLAIM SEVEN: Appellate counsel failed to raise that the trial court's sentence is contrary to law and that the trial court had committed prejudicial error and abused it's[sic] discretion in finding Petitioner guilty of an inapplicable lesser included offense or plain inapplicable offense without having a factual basis.
>
> CLAIM EIGHT: Appellate counsel failed to raise prosecutorial misconduct, as the prosecution for the State of Ohio committed prejudicial error and abuse of power by purposely and knowingly, had falsely charged Petitioner with an inapplicable offense.

(ECF #1 at 4, 4A-4B.)

Pursuant to Local Rule 72.2, this matter was referred to Magistrate Judge Limbert for the preparation of a report and recommendation. Magistrate Judge Limbert issued his Report and Recommendation on October 19, 2005, recommending that Petitioner's Writ of Habeas Corpus be denied. (ECF # 13.)

Petitioner filed his objection to that Report and Recommendation on November 9, 2005.

(ECF # 15.) Respondent did not respond to Petitioner's objection. The Court herein reviews the Report and Recommendation and Petitioner's objection.

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable district court standard of review for a magistrate's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. FED. R. CIV. P. 72(b) provides this standard of review. It states, in pertinent part, the following:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Accordingly, this Court will review the Report and Recommendation, to which an objection has been filed, de novo. *See Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).

### Conclusion

This Court has reviewed the Report and Recommendation of this case de novo and has considered all of the pleadings, affidavits, motions, and filings of the parties. After careful evaluation, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own. Nothing stated in Petitioner's objection convinces this Court that the Magistrate Judge's well reasoned and thorough Report and Recommendation is in error. Accordingly, Petitioner's objection to the Report and Recommendation is OVERRULED, the Report and Recommendation of Magistrate Judge Limbert is hereby ADOPTED, and Petitioner's Petition

for a Writ of Habeas Corpus is DISMISSED.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

                                                  s/Donald C. Nugent_____
                                                  DONALD C. NUGENT
                                                  United States District Judge

DATE: 12/06/05